# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-06-1429-F |
| | ) |
| JONATHAN AUGUST BERGMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Two motions for summary judgment are before the court in this foreclosure action: plaintiff's (the government's) "Motion for Summary Judgment," filed May 18, 2007 (doc. no. 38); and the "Cross-motion for Summary Judgment or, in the Alternative, Motion to Marshal Assets Against Defendant Gungoll, Jackson, Collins, Box and DeVoll, PC," filed by defendant Jonathan August Bergman on July 2, 2007 (doc. no. 46). The motions are at issue and ready to be determined.

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress &

Co., 398 U.S. 144, 157 (1970).  All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

All of the proposed undisputed facts presented by the parties in support of their respective motions are supported by record evidence, and none of these facts have been disputed.  Accordingly, the court finds that all of the proposed undisputed facts submitted with the motions are established.

Upon review of all of the moving papers (including responses and lack of responses), the court further concludes that there are no disputed legal issues raised by either of the motions.  For example, to the extent the parties have responded to either motion, the responding parties either expressly concur with the relief sought in the motions, or state that they have no objection to the relief sought.[1]  Upon review of the Oklahoma legal authorities, the court concurs that the relief sought in the motions is appropriate.

Thus, in addition to granting the relief sought by the government's motion, the court also grants the relief sought in Mr. Bergman's motion.  In that regard, the court hereby determines that the mortgage to Gungoll, Jackson, Collins, Box and DeVoll, PC is void as a matter of law and conveyed no interest to GJCBD, to the extent that the mortgage pertains to the homestead property.  This ruling is based on Oklahoma law and the undisputed facts that Mr. Bergman was legally married at the time of the mortgage, that the mortgage purported to place a lien on his homestead, and that the

---

[1]Although the time for any response has passed, GJCBD has not responded to Mr. Bergman's motion and has not sought an extension of time within which to respond to that motion.

mortgage was not signed by Mr. Bergman's then-spouse. The court also determines that the assets should be marshaled so that property other than the homestead interest is sold, prior to forcing the sale of the homestead property.

Accordingly, after careful review of the record, the motions, and the legal authorities, the relief sought in both motions is **GRANTED**.[2]

Dated this 1st day of August, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-1429p006(pub).wpd

---

[2] A final judgment may not be entered at this time because there are served defendants who have not answered and as to whom the government has indicated it intends to file a motion for default judgment. When the government, at a later date, submits a proposed final order and judgment to the court, the government is directed to incorporate the rulings stated in this order and the rulings requested by the various responding parties in their moving papers. The proposed final order shall be approved as to form by all participating parties.